UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                      Case No. 10-20463
v.                                     Honorable David M. Lawson

DILBAR BHANDOHAL,

       Defendant.
_____/

## ORDER DENYING MOTION FOR REDUCTION OF SENTENCE

Presently before the Court is the defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). On October 21, 2010, the defendant pleaded guilty to possession with intent to distribute of 42.5 kilograms of cocaine in violation of 21 U.S.C. § 841(b)(1)(B). The Court held a sentence hearing on April 25, 2011. The defendant's base offense level was calculated at 34. The defendant was granted a three-level downward adjustment for playing a minor role in the crime and a two-level safety valve downward adjustment. His net offense level was 29, and his Criminal History category was I. The defendant's sentencing guideline range was 63 to 78 months. The Court varied downward and sentenced the defendant to a prison term of 41 months.

In his motion, the defendant argues that he is entitled to have his sentence reduced because the United States Sentencing Commission, following the enactment of the Fair Sentencing Act of 2010, issued new and more lenient sentencing guidelines applicable to offenses involving crack cocaine. Those guidelines were made retroactive by the Sentencing Commission as of November 1, 2011. However, those reductions are not applicable to this defendant, because the defendant's crime involved powder cocaine, not crack cocaine.

The defendant also requests that his sentence be reduced on the basis of his minor role in the criminal enterprise. However, as stated above, the defendant has already received a three-level downward adjustment for his role in the offense. No further sentence reduction is available on that basis.

The defendant states some of the terms of his plea agreement have not been fulfilled, including placement in a drug rehabilitation program and transfer to a Canadian prison (the defendant is a Canadian citizen). The government states that it has no objection to such a transfer and has expressed that view to the Department of Justice Office of International Affairs. Nonetheless, the United States Attorney says that it does not have any control over the choice of facility to which the defendant is designated. The United States Bureau of Prisons determines where a prisoner will be housed and the programs made available to him.

Under 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment after it is imposed only under certain conditions:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission* pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements* issued by the Sentencing Commission.

(emphasis added). The fact that the defendant has not been placed in a facility in Canada or with a drug rehabilitation program does not justify a sentence reduction under 18 U.S.C. § 3582(c)(2) because it does not demonstrate that the defendant's sentencing range has been lowered subsequently by the Sentencing Commission.

Finally, the defendant argues that, because he is a deportable alien and is thus not eligible for release to a half-way house or to serve his sentence in a minimum-security facility, his sentence should be reduced. However, the Court has already sentenced the defendant to 41 months in prison, a considerable reduction from the 63-to-78-month sentencing guideline range applicable to the defendant. This downward variance was based on a number of factors, including those highlighted by the defendant in his present motion. The defendant is not entitled to further relief.

Accordingly, it is **ORDERED** that the defendant's motion for reduction of sentence [dkt. #36] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: December 23, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 23, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL