UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                  Case No. 10-20463
v.                                             Honorable David M. Lawson

DILBAR BHANDOHAL,

        Defendant.

_____/

## **ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

Presently before the Court is defendant Dilbar Bhandohal's motion for relief from judgment. On October 21, 2010, the defendant pleaded guilty to possession with intent to distribute of 42.5 kilograms of cocaine in violation of 21 U.S.C. § 841(b)(1)(B). The Court held a sentencing hearing on April 25, 2011, during which the defendant to a prison term of 41 months, and judgment was entered the same day. The defendant did not appeal his sentence. In the present motion, the defendant argues that his case should be "remanded" for re-sentencing due to the Court's failure to grant a four-level downward departure based on this district's lack of a fast-track sentencing option for immigration offenses.

"Normally, sentencing challenges must be made on direct appeal or they are waived." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). The defendant's challenge is a sentencing issue that should have been raised on direct appeal, and such a claim generally is not subject to collateral review. *Bousley v. United States*, 523 U.S. 614, 621 (1998) (holding that "even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review"); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (reaffirming that "[s]ection 2255 is not a substitute for a direct appeal, and thus a defendant cannot

use it to circumvent the direct appeal process"). In *United States v. Frady*, 456 U.S. 152 (1982), the Supreme Court observed:

> Once the defendant's chance to appeal has been waived or exhausted, however, we are entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum. Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless postconviction collateral attacks. To the contrary, a final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal.

*Frady*, 456 U.S. at 164-65; *accord Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000) (stating that "respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal"). The defendant did not raise his sentencing claim on direct appeal and he has provided no reason to depart from the general rule barring consideration of sentencing claims on collateral review in this case.

To the extent that the defendant is attempting to file a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, the motion is untimely. Section 2255 provides a one-year statute of limitations, which is measured from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The defendant has not alleged that he was prevented from filing his motion by a governmental action, that he is asserting a right newly recognized by the Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence.

Therefore, the limitations period is calculated from the date the defendant's conviction became final in this case. A federal criminal judgment that is not appealed becomes final for the purpose of section 2255 ten days after it is entered. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). The defendant's conviction became final in this case, therefore, on May 5, 2011; the limitations period expired one year later, on May 5, 2012. Were the defendant's motion to be construed as a motion to vacate his sentence under section 2255, then, it would be untimely. *See* 28 U.S.C. § 2255(f).

Accordingly, it is **ORDERED** that defendant Dilbar Bhandohal's motion for relief from judgment [dkt. #42] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 23, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 23, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL